against Chicago Railways Company, a corporation, to recover damages sustained by reason of one of plaintiff's automobiles being struck by one of defendant's street cars. From a judgment in favor of defendant for costs, plaintiff brings error.

JOSEPH E. PADEN and OSCAR A. KROPF, for plaintiff in error.

EDWARD C. STEARNS and WILLIAM H. SYMMES, for defendant in error; FRANK L. KRIETE and JOHN R. GUILLIAMS, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 95*—*when driver of automobile is guilty of contributory negligence as a matter of law.* A chauffeur who does not look for a street car within two minutes before attempting to drive his machine across a street car track is guilty of contributory negligence as a matter of law.

2. NEGLIGENCE, § 204*—*when direction of verdict for defendant, proper.* A peremptory instruction directing the jury to find the defendant not guilty should be given in an action of tort where there is no evidence tending to establish a cause of action.

3. NEGLIGENCE, § 157*—*burden of proof.* In all cases of negligence it is incumbent upon the plaintiff to show that defendant was guilty of negligence and that he, the plaintiff, was not guilty of contributory negligence.

---

### James S. Deming, Plaintiff in Error, v. Agnes Grunenberg, Defendant in Error.

### Gen. No. 18,475.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 20, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

Action by James S. Deming against Agnes Grunenberg to recover on several promissory notes, aggregating $255, executed by defendant and made payable to plaintiff. From a judgment in favor of plaintiff for $24.46, plaintiff brings error.

THOMAS J. YOUNG, for plaintiffs in error.

No appearance for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 472*—*when payments made to beneficial plaintiff may be set off against nominal plaintiff.* In suit against maker on promissory notes made payable to the plaintiff, where the suit is tried on the theory that plaintiff is only a nominal plaintiff, a judgment in favor of the nominal plaintiff for the balance due after deducting amount shown by the evidence to have been paid by defendant to the beneficial plaintiff, *held* proper.

2. BILLS AND NOTES, § 420*—*what evidence admissible in suit on note.* In an action on promissory notes on the theory that plaintiff is only the nominal plaintiff, memorandum cards or orders sent by the beneficial plaintiff to the defendant upon which defendants made payments in merchandise, *held* admissible.

3. BILLS AND NOTES, § 373*—*when presumption as to ownership of note overcome.* *Prima facie* case of ownership made by the introduction of a note in evidence, *held* overcome by other facts subsequently appearing upon the trial.

4. APPEAL AND ERROR, § 1445*—*when temporary absence of affidavit from court room harmless.* Refusal to grant a motion to strike an affidavit of merits from the files because it was not brought into court until the trial was in progress cannot be complained of where the appellant was not harmed thereby.

5. BILLS AND NOTES, § 407*—*burden of proving fraud and want of consideration.* In an action on promissory notes, brought by the payee, where fraud or want of consideration is alleged as a defense, the burden of showing the fraud or want of consideration is on the defendant.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.